UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Jasmine Johnson, | : |
|               Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| IQ Data International, Inc./ Rent Collect Global; and DOES 1-10, inclusive, | : **COMPLAINT** |
|               Defendants. | : |

For this Complaint, the Plaintiff, Jasmine Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Jasmine Johnson ("Plaintiff"), is an adult individual residing in Gaithersburg, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, IQ Data International, Inc./ Rent Collect Global ("IQ Data"), is a Washington business entity with an address of 21222 30th Drive, Suite 120, Bothell, Washington 98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by IQ Data and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. IQ Data at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to IQ Data for collection, or IQ Data was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. IQ Data Engages in Harassment and Abusive Tactics**

11. On November 5, 2019, IQ Data mailed Plaintiff a collection letter advising Plaintiff of her right to dispute the Debt within 30 days of receipt.

12. On November 7, 2019, IQ Data called Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, IQ Data threatened to report the Debt to Plaintiff's credit if the Debt was not paid immediately.

14. Such threat during the initial contact overshadowed Plaintiff's right to dispute the Debt within 30 days.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.    The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 19, 2019

                                  Respectfully submitted,

                                  By   /s/ Sergei Lemberg
                                  Sergei Lemberg, Esq.
                                  LEMBERG LAW, L.L.C.
                                  43 Danbury Road, 3rd Floor
                                  Wilton, CT 06897
                                  Telephone: (203) 653-2250
                                  Facsimile:  (203) 653-3424
                                  ATTORNEYS FOR PLAINTIFF